# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **BRENT MICHAEL COKER,** | ) | |
| **INDIVIDUALLY and as the** | ) | |
| **as the ADMINISTRATOR of the** | ) | |
| **ESTATE of GLENN LAMAR** | ) | |
| **COKER** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| | ) | |
| **API OUTDOORS; GLOBAL** | ) | |
| **MANUFACTURING, LLC and** | ) | |
| **GSM OUTDOORS, LLC** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Brent Coker, individually and as Administrator of the Estate of Glenn Lamar Coker as Plaintiff, and shows this Honorable Court as follows:

## PARTIES, JURISDICTION, VENUE

1. Plaintiff, Brent Coker, is the son of Glenn Lamar Coker. Mr. Coker is a Florida citizen residing in Duval County. He is over the age of eighteen years and is the duly appointed Administrator of the Estate of his father, Glenn Lamar Coker. At the time of his death, Mr. Coker was 45 years old and was a Georgia citizen residing in Henry County.

2. Defendant API Outdoors, ("API") is a for-profit foreign corporation incorporated in the State of Louisiana, with its principal place of business in Louisiana. API is a citizen of

1

Louisiana for purposes of diversity jurisdiction. At all times material, API did business in Georgia by designing, manufacturing, testing, marketing, distributing, and selling the subject tree stand at issue in this case.

3. Defendant Global Manufacturing LLC ("Global") is a for-profit foreign corporation incorporated in the State of Minnesota, with its principal place of business in Minnesota. Global is a citizen of Minnesota for purposes of diversity jurisdiction. At all times material, Global did business in Georgia by designing, manufacturing, testing, marketing, distributing and selling the subject tree stand at issue in this case.

4. Defendant GSM Outdoors LLC ("GSM") is a for-profit foreign corporation incorporated in the State of Texas, with its principal place of business in Texas. GSM is a citizen of Texas for purposes of diversity jurisdiction. At all times material, GSM did business in Georgia by designing, manufacturing, testing, marketing, distributing and selling the subject tree stand at issue in this case.

5. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.S. § 1332.

## STATEMENT OF FACTS

6. On or about October 29, 2022, Glenn Coker was hunting in an API Outdoors climbing tree stand, model GCL300-A in Putnam County, Georgia

7. Prior to October 29, 2022, Coker hunted from the API tree stand without incident or difficulty.

8. On the morning of October 29, 2022, Coker was using the API climbing tree stand as designed and intended. While climbing, the metal cable fastening the stand to the tree broke, throwing Coker to the ground.

9. As a direct and proximate result of the defective condition of the subject tree stand, Coker fell to the ground and was killed as a result of the fall.

10. At all times material hereto, the subject tree stand was designed, developed, manufactured, tested, marketed, distributed, and sold by Defendants. At the time of the occurrence which made the basis of this lawsuit, the subject stand was in the same defective condition as it was when it left the control of the Defendants.

11. Despite Defendants' claims of safety, it designed, manufactured, marketed, distributed, and sold, both directly and through third-party retailers, a product that suffers from defects that cause significant bodily harm, injuries, and death to consumers.

12. The API Outdoors climbing tree stand, model GCL300-A, was defective and unreasonably dangerous. The subject stand was being used for the purpose and in the manner for which it was designed and sold. The said stand was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective when being so used. Defendants knew, or in the exercise of reasonable care should have known, that said sand was dangerous to users when being so used in a foreseeable manner. The Defendants failed to warn users of that danger, a danger which would not be known to the average user. Furthermore, the risks inherent in the subject stand's design and manufacture outweigh its utility, particularly given the availability of feasible, safer alternative designs that would not impair the subject stand's functionality.

13. As a direct and proximate result of the defective condition of the API Outdoors climbing tree stand, model GCL300-A, as well as the negligent and wanton conduct of the Defendants, Coker sustained injuries which resulted in his death.

## COUNT ONE
### (STRICT LIABILITY)

14. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

15. Defendants API, Global, and GSM designed, engineered, tested, manufactured, advertised, distributed, marketed, sold, and otherwise placed into the stream of commerce the subject climbing tree stand.

16. The subject tree stand was unsafe for its intended and reasonably foreseeable use by reason of a defect in its design, manufacture, and warnings in that the tree stand had inadequate cables or devices to keep the stand securely fastened to the tree.

17. The subject tree stand was unsafe for its intended and reasonably foreseeable use by reason of defective in its design, manufacture, and warnings in that the tree stand cable was wrapped in plastic that collected water and caused the cable to rust, corrode, and otherwise weather and weaken.

18. The subject tree stand was unsafe for its intended and reasonably foreseeable use by reason of defective in its design, manufacture, and warnings in that the tree stand cable was made of materials that were subject to degradation and otherwise insufficient given the application.

19. The defective in design, manufacture, and warning of the subject tree stand existed at the time the tree stand left Defendants API, Global, and GSM's control.

20. The defective in design, manufacture, and warning of the subject tree stand directly and proximately caused Coker's death while the tree stand was used in its intended and reasonably foreseeable way.

21. The defective condition and associated risks thereto, make Defendants API, Global, and GSM liable to the Plaintiff in strict liability pursuant to O.C.G.A § 51-1-11.1

## COUNT TWO
### (NEGLIGENCE)

22. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

23. Defendants API, Global, and GSM, as product designers, manufacturers, distributors, marketers, testers, and sellers, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, distribute, assemble, advertise, and label a tree stand which was free of unreasonable risk of harm to owners, users in foreseeable situations; and a product which would not cause severe injury or death to users.

24. Defendants API, Global, and GSM breached their duty to exercise reasonable care to design, test, manufacture, inspect, market, distribute, assemble, advertise, and label a tree stand that was free of unreasonable risk of harm, injury or death to owners, the Plaintiff, and users in foreseeable situations. Defendants breached their duty of care by being willful, reckless, wanton, and grossly negligent in a number of ways, including but not limited to the following:

   a. The design and manufacture of the tree stand is defective in that it places the user at an unreasonable risk of injury while being used in a reasonable and foreseeable manner;

b. The design and manufacture of the tree stand is defective in that the tree stand had inadequate cables or devices to keep the stand securely fastened to the tree;

c. The design and manufacture of the tree stand is defective in that the tree stand cable was wrapped in plastic which collected water and caused the cable to rust, corrode, and otherwise weather and weaken;

d. The design and manufacture of the tree stand is defective in that the tree stand cable was made of materials which were subject to degradation and otherwise insufficient given the application;

e. The subject tree stand was otherwise defective in its design and manufacture and/or the warnings that accompanied it;

f. The design and manufacture of the tree stand is defective in that it was marketed as a safe tree stand with a tree stand cable that will provide users added protection while used for its intended and foreseeable purpose;

g. The design and manufacture of the tree stand is defective in that it fails to contain adequate and reasonable warnings and/or instructions about the inherent risks of injury or death in ordinary and foreseeable use;

h. The design and manufacture of the tree stand is defective in that it failed to provide safe and optimum performance while being used in its intended and foreseeable use;

i. The design and manufacture of the tree stand are defective in that it failed to perform as an ordinary customer would expect;

j. The subject tree stand, and component parts were not adequately tested to determine if they was safe for the foreseeable intended use;

k. The Defendants failed to warn the consuming public of the dangers inherent in the design and construction of the tree stand including but not limited to the tree stand cable, and specifically there were inadequate warnings of the propensity and/or danger of the tree stand cable causing or allowing injury to users in reasonable and foreseeable use;

l. The design and manufacture of the tree stand/ tree stand cable is dangerous and defective in that the risk of the design outweighs the utility of the tree stand/tree stand cable.

25.     As a proximate consequence of the acts or omissions of Defendants API, Global, and GSM as alleged herein, the subject tree stand failed to perform as reasonably expected by the ordinary consumer, including Glenn Coker.

26.     As a proximate consequence of the negligence and/or wantonness of Defendants API, Global and GSM, Glenn Coker was wrongfully killed.

## COUNT THREE
## (BREACH OF WARRANTY)

27.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

28.     Defendants impliedly warranted that the subject stand was reasonably fit and suitable for the purpose for which it was intended to be used.  Plaintiff avers that Defendants breached said implied warranties in that the subject stand was not reasonably fit and suitable for the purposes for which it was intended to be used, but to the contrary, the subject stand was defective and in an unsafe condition, as described herein.  Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by Defendants, Coker was killed.

29.     The aforesaid wrongful conduct of Defendants proximately caused Glenn Coker's death.

## COUNT FOUR
## (FAILURE TO WARN)

30.     Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

31.     Defendants had a continuing duty to warn the public of defects and dangers associated with the design and use of its vehicles.

32.     Prior to designing, marketing, distributing, selling, and placing the tree stand into the stream of commerce and at all other times pertinent herein to the present day, Defendants were aware of the dangerous and defective design and propensities of tree stand and in particular the defective tree stand cable.

33.     Defendants were aware that the tree stand, and tree stand cable would not provide protection to users during foreseeable use and instead could become an instrument of injury.

34.     Despite this knowledge, Defendants failed to warn the public and Glenn Coker of the dangers associated with tree stand and the tree stand cable. As a result of this omission, Glenn Coker was killed.

## COUNT FIVE
### (PUNITIVE DAMAGES)

35.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

36.     Defendants API, Global and GSM designed, tested, manufactured, distributed, sold, marketed, and failed to warn regarding the subject tree stand which is the subject matter of this lawsuit.

37.     Before the incident made the basis of this Complaint, Defendants were aware of the defects and dangerous conditions that exist in and because of the subject stand.

38.     In fact, Defendants are aware of multiple other incidents where other users and consumers of substantially similar tree stands have suffered injuries and death throughout the country.

39.     Despite being on notice of other substantially similar incidents to the instant matter,

Defendants consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, Glenn Coker, or Plaintiff for the use of this product,

40. Defendants had actual knowledge that the subject stand posed a severe danger and threat of serious injury to consumers but did not warn or adequately inform or educate retailers, wholesalers, or the public of said dangers, and instead continued to sell the products for profit and allowed injuries and deaths to persist.

41. Defendants withheld information from the public about their product as the stands began to fail, causing injuries and deaths to consumers.

42. Defendants knew that their concealment and misrepresentations of the defects and hazards associated with the subject stand had a high probability of causing injury and death because the defective stands remained in the stream of commerce and continued to be used by consumers who believed the product to be safe.

43. These acts and omissions of Defendants show willful misconduct, malice, wantonness, oppression, or that the entire want of care which raise the presumption of conscious indifference to consequences.

44. Plaintiff, therefore, pursuant to O.C.G.A. § 51-12-5.1(a) and O.C.G.A. § 51-12-5.1(b), is entitled to recover punitive damages without limitation or cap against defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays and respectfully demands the following:

(a) That summons and service be perfected upon Defendants requiring the

Defendants to be and appear in this Court within the time required by law and to answer this Complaint;

(b) That Plaintiff recover all damages to which he is entitled in his individual capacity and as administrator of the Estate against Defendants for the wrongful death of decedent, Glenn Lamar Coker, including but not limited to for pain and suffering, fright, shock, and terror; and

(c) That Plaintiff be granted such other and further relief as this Court deems just and proper.

This 21st day of December 2023.

                    Respectfully submitted,

                    */s/ Alyssa Baskam*
                    Alyssa Baskam
                    Georgia Bar No. 776157
                    Attorney for Plaintiff

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA 30339
alyssa.baskam@beasleyallen.com

**DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

API Outdoors
602 Kimbrough Drive
Tallulah, LA 71282

Global Manufacturing, LLC
1905 1st Avenue North
Windom, MN 56101

GSM Outdoors, LLC
5250 Frye Road
Irving, TX 75061

/s/ Alyssa Baskam
Alyssa Baskam
Georgia Bar No. 776157
Attorney for Plaintiff