**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BRENT MICHAEL COKER, INDIVIDUALLY and as the ADMINISTRATOR of the ESTATE of of GLENN LAMAR COKER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 23-CV-511 (MTT)** |
| **API OUTDOORS; GLOBAL MANUFACTURING, LLC; and GOOD SPORTSMAN MARKETING, LLC,** | ) | |
| **Defendants.** | ) | |

## ORDER APPROVING SETTLEMENT

This matter comes before the Court on Plaintiff's request for approval of the settlement of the minor claim of A.C., the minor son and heir of Glenn Lamar Coker, deceased. ECF 83. The Court has considered the submissions of the parties, the terms of the proposed settlement, the proposed annuity to be purchased for A.C.'s benefit, and the affidavit of Christine Margaret Coker, A.C.'s mother and legal guardian.

The Court finds that A.C. is a minor and that Christine Margaret Coker is his mother and legal guardian. The Court further finds that Glenn Lamar Coker is survived by four children, Caitlin Coker, Brent Michael Coker, Dalton Coker, and A.C., who are the heirs of his estate. The proposed settlement provides that the settlement proceeds, after payment of fees and expenses, shall be distributed in equal shares to Mr. Coker's four children.

Because legal action was initiated before this Court and because A.C.'s equal share of the settlement proceeds is greater than $25,000, this Court has jurisdiction to approve the proposed settlement pursuant to O.C.G.A. § 29-3-3. Moreover, because the net settlement as defined by O.C.G.A. § 29-3-3(a)(2) is less than $25,000, O.C.G.A. § 29-3-3(c)(3) provides that no conservator shall be required to compromise A.C.'s claim.

The Court has reviewed the proposed settlement as it relates to A.C. and finds that the settlement is fair, reasonable, and in the best interest of A.C. The Court further finds that the purchase of an annuity for A.C.'s benefit is an appropriate means of protecting his settlement proceeds until he reaches the age of majority.

Accordingly, the motion to approve settlement (ECF 83) is **GRANTED**. It is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. The settlement of A.C.'s minor claim is **APPROVED**.
2. Plaintiff and counsel are authorized to proceed with the purchase of an annuity for the benefit of A.C. in accordance with the settlement terms presented to the Court.
3. The annuity shall provide for payment of A.C.'s settlement proceeds to A.C. on his eighteenth birthday, in accordance with the annuity documents and settlement terms approved by the Court.
4. Christine Margaret Coker, as A.C.'s mother and legal guardian, is authorized to take any actions reasonably necessary to effectuate the approved settlement and annuity purchase on A.C.'s behalf.
5. Upon funding of the annuity as approved herein, the parties and their counsel are authorized to complete all actions necessary to finalize the settlement as to A.C.'s minor claim.

**SO ORDERED**, this 1st day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT